# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| JOHNNY L. INGLE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:19-cv-02080-TLP-tmp |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| SHELBY COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT, GRANTING LEAVE TO AMEND, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Johnny L. Ingle, a pretrial detainee at the Shelby County Criminal Justice Center ("Jail") in Memphis, Tennessee, sues pro se under 42 U.S.C. § 1983 and moves to proceed in forma pauperis. (ECF No. 1; ECF No. 2.) The Court granted leave to proceed in forma pauperis and assessed the civil filing fee under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)–(b). (ECF No. 5.) The Court directs the Clerk to record the Defendants as Shelby County,[1] Shelby County Mayor Lee Harris, Shelby County Sheriff Floyd Bonner, Jr., and Shelby County Chief Jailer Kirk Fields.[2]

---

[1] Plaintiff lists Defendant Shelby County as the "Shelby County Gov." (ECF No. 1 at PageID 1.)
[2] Plaintiff lists several other unnamed Defendants, including "Jail, un-named staff, Grievance board, all named Jailers, all un-named Jailers, [and] all named & un-named Jail Officers i.e. Cpts. Lts & Sgts." (ECF No. 1 at PageID 2.) It is impossible to serve process on an unknown or fictitious party. Suing a "John Doe" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). Even still, governmental departments, divisions, and buildings are not suable entities under § 1983. The Court therefore Directs the Clerk to terminate the reference to these Defendants on the docket.

## BACKGROUND

Plaintiff alleges that the state authorities transferred him from the Shelby County Correctional Center to the Jail, where those jailers forced him to stay awake and sit in a hard, plastic chair for three days even though holding cells were available. (ECF No. 1-1 at PageID 4.) He alleges the authorities gave him no blanket or warm garment to wear and they prevented him from even tucking his arms into his shirt for warmth. (*Id.*) Plaintiff alleges he tried to sleep on the floor, but officers would kick him awake. (*Id.*) He alleges they gave only stale cookies and soggy bologna sandwiches to eat and nauseatingly sweet juice to drink. (*Id.*) Plaintiff alleges that after three days, he received toiletries and they assigned him to a cell. (*Id.* at PageID 5.) But he could not keep his new shoes. (*Id.*) He contends that Defendants would not allow him to have his shoes because he is white, but all black detainees could keep their shoes. (*Id.*)

Plaintiff alleges that he asked a jailer named Hertado to transfer him to a different cell because his roommate was yelling and making racial comments at him. (*Id.* at PageID 6.) Plaintiff alleges that when he asked his cellmate to stop yelling and banging on the cell door, the cellmate punched him in his left ear causing him to bleed and fall to the floor. (*Id.*) Plaintiff called for help, and Hertado came to the cell, removed the cellmate, and took Plaintiff to see a nurse. (*Id.*)

Plaintiff moved to a new cell but discovered that he was missing several items of property. (*Id.* at PageID 7.) He alleges that several jailers, including two named Hadley and Chaney, ignored his requests to retrieve his property. (*Id.*) Among Plaintiff's missing property was a log that he used to keep track of case details and important dates. (*Id.*) Plaintiff alleges that unnamed jailers must have taken his log because no one else had access to it. (*Id.* at PageID 8.) Plaintiff alleges that once, a detainee ran into his cell and began to fight with his

cellmate. (*Id.*) Chaney ordered Plaintiff's cellmate to clean up the blood left from the fight and allegedly warned Plaintiff, "[Y]ou better not say nothing to anyone about this white boy!" (*Id.*)

Plaintiff alleges that he wrote grievances about these incidents but either received no response or Defendants told him that too much time had elapsed. (*Id.* at PageID 9–10.) He also alleges that Defendants wrongly disciplined him for the assault on his cellmate with fifteen days in administrative segregation. (*Id.* at PageID 9.) He alleges that unnamed jailers prohibited him from keeping most of his legal papers and letters. (*Id.* at PageID 10–11.) Plaintiff alleges that a jailer named Bass told him that the Jail was overcrowded. And, as a result, Plaintiff could only take four showers and had only two hours out of his cell over the first eleven days in segregation. (*Id.* at PageID 11–12.)

Plaintiff seeks an order from this Court immediately releasing him from the Jail or from administrative segregation. He also wants the Court to Order the Defendants to place him in a single-person cell, to restore all his privileges, to return his property. (ECF No. 1 at PageID 3.) What is more, he wants punitive damages. (*Id.*)

## LEGAL STANDARDS

### I. Screening Requirements Under 28 U.S.C. § 1915A

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from that relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

As to step one, in assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as

stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth" because they are not "factual" and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule also of Civil Procedure 8 also provides guidance on this issue.

Even though Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts conducting the screening analysis will give slightly more deference to pro se complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.     Requirements to State a Claim Under 42 U.S.C. § 1983

Plaintiff sued here under 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).  For his complaint to succeed, Plaintiff must satisfy these requirements.

## ANALYSIS

## I.     Plaintiff Does Not State a Claim Against Shelby County

If Plaintiff intends to assert an official capacity claim against the Defendants, his claim is against their employer, Shelby County.  The complaint, however, does not state a valid § 1983 claim against Shelby County.

A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).  A court can hold a municipality responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation.  *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To show municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Plaintiff alleges several issues about his confinement at the Jail. But he does not attribute any of those concerns to an unconstitutional policy or custom of Shelby County. He therefore fails to state a claim against Shelby County or against any Defendant in his official capacity.

## II.     Plaintiff Does Not State a Claim Against Any Named Defendant

Plaintiff does not allege any misconduct by Defendants Harris, Bonner, and Fields. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's references to unnamed "jailers" also fails to state a claim against any Defendant. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (affirming district court's dismissal of complaint that "makes only categorical references to 'Defendants'" and holding that the complaint failed to "'allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right'"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming that, because Plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights," the complaint failed to state a claim for relief).

## III.     Plaintiff Does Not State a Claim Against a Named Jailer

Plaintiff names only four jailers in the allegations of his complaint but does not list them as Defendants. Even liberally construing his complaint to name these jailers as Defendants, he fails to state a claim against any of them.

### A.     Jailer Hertado

Plaintiff alleges that Hertado did not grant Plaintiff's request to change cells. But inmates have no right to a particular housing assignment. *See Brand v. Motley*, 526 F.3d 921,

924 (6th Cir. 2008) (citing *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).  And Plaintiff does not allege that Defendants housed him with his abusive cellmate intentionally or because of an improper motive. *E.g. Id.* (noting that prison or jail authorities may not assign an inmate unfavorable housing based on race).

Plaintiff also alleges that Hertado responded when Plaintiff called for help after being attacked by his cellmate and took Plaintiff to see a nurse.  But Plaintiff does not allege any basis for holding Hertado liable for the attack or suggest that Hertado had any role in it.

### B.    Jailers Hadley and Chaney

Plaintiff alleges that Hadley and Chaney ignored his requests to retrieve his property and that Chaney told Plaintiff not to report the fight that allegedly occurred in Plaintiff's cell.

Claims for deprivation of property are not actionable under § 1983 if adequate state remedies are available to redress the deprivation.  *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527 (1981), *partially overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31 (1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985).  This is true even if the defendants took the property intentionally.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  "[T]he State of Tennessee does provide an adequate post-deprivation remedy for takings of property." *McMillan v. Fielding,* 136 F. App'x 818, 820 (6th Cir. 2005) (citing *Brooks v. Dutton,* 751 F.2d 197, 199 (6th Cir. 1985)).

If Plaintiff seeks to assert an Eighth Amendment claim against Chaney for the language used against him, he does not state a claim.  Verbal abuse or harassment at the hands of prison officials (or other prisoners) does not violate the Eight Amendment. *See, e.g., Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that even harassment that

7

constitutes "shameful and utterly unprofessional behavior" does not constitute cruel and unusual punishment).

### C. Jailer Bass

Plaintiff alleges that Bass told Plaintiff that because the jail was overcrowded, Plaintiff may not always receive a shower or an hour out of his segregation cell. Plaintiff does not allege that Bass is responsible for these inconveniences. Even if he had, Plaintiff alleges he received four showers within eleven days. Although he may have preferred daily showers, the Sixth Circuit "has concluded that deprivation of a shower and other personal hygiene items for a 'brief span of time . . ., i.e., only six days' is not actionable conduct." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Siller v. Dean*, 205 F.3d 1341 (6th Cir. Feb. 1, 2000) (unpublished decision)).

If Plaintiff intends to sue for the mental anguish he alleges he suffered because of his days in segregation, he may not assert such a claim. The PLRA bars prisoner suits "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see Braswell v. Corr. Corp. of Am.*, 419 F. App'x 522, 626 (6th Cir. 2011).

## IV. Plaintiff Has No Claim Regarding the Jail's Grievance Procedure

If Plaintiff alleges the grievance procedure at the Jail is inadequate, he fails to state a claim. "There is no inherent constitutional right to an effective prison grievance procedure." *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). A § 1983 claim therefore cannot hinge on contentions that the grievance procedure was inadequate. *Id.*

For all the above reasons, Plaintiff's complaint fails to state a claim for relief and is dismissed.

## AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). Here, the Court finds that Plaintiff may, if he wishes, amend his complaint.

## CONCLUSION

In conclusion, the Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is, however, GRANTED. Plaintiff has thirty (30) days from entry of this Order to file an amended complaint.

The Court advises Plaintiff that any amended complaint will supersede and replace the original complaint. And Plaintiff must therefore prepare an amended complaint that is complete

on its own, without reference to the prior pleading.  Plaintiff must sign the amended complaint

and the text of the amended complaint must allege enough facts to support each claim without

reference to any extraneous document.  Plaintiff must identify any exhibits by number in the text

of the amended complaint and must attach those exhibits to the amended complaint.  Plaintiff

must state each claim for relief in a separate count and must identify each Defendant sued in that

count.

Plaintiff should provide facts in support of his claims about each Defendant's personal

involvement here. If Plaintiff fails to file an amended complaint within the time given, the Court

will dismiss this action, assess a strike under 28 U.S.C. § 1915(g), and enter judgment for

Defendants without additional notice.

Plaintiff has also moved for the appointment of counsel.  (ECF No. 6.)  Because his

complaint is still in the screening phase, and the Court has not yet directed that any Defendant

should be served with process, his motion is premature.  The motion is therefore DENIED

without prejudice to refiling, if necessary, at a later, appropriate time.

**SO ORDERED**, this 30th day of August, 2019.

 s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE