IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHNNY L. INGLE, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHELBY COUNTY, et al., ) <br> ) <br>    Defendants. ) | No. 2:19-cv-02080-TLP-tmp <br><br> JURY DEMAND |

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

Plaintiff Johnny L. Ingle sued pro se under 42 U.S.C. § 1983.  (ECF No. 1.)  The Court dismissed Plaintiff's complaint for failure to state a claim and granted him leave to amend.  (ECF No. 7.)  As a result, Plaintiff amended his complaint and the Court screened it for a second time, as required under the Prison Litigation Reform Act ("PLRA").  *See* 28 U.S.C. § 1915A(b).  The Court dismissed Plaintiff's claims against the Director of the Shelby County Correctional Center, District Attorney General Weirich, Mayor Harris, Sheriff Bonner, Chief Fields, Sergeant Panell, Jailer Big Will, Jailer Hadley, and Jailer Chaney.  (ECF No. 9 at PageID 87.)  And it allowed Plaintiff's claims against Defendants Hurtado, Bass, and Pree ("Defendants") to proceed.  (*Id.*)

Then in May 2021, the Court set a scheduling conference with the parties.  (ECF No. 47.)  But Plaintiff failed to appear.  (ECF No. 50.)  At that time, the Court learned that Plaintiff is no longer an inmate at the Shelby County Criminal Justice Center and that the State released him from custody on May 6, 2021.  (*Id.*)

So the Court reset the scheduling conference to allow Plaintiff to update his mailing address with the Court.  But Plaintiff never updated his address and he failed to appear at the

second scheduling conference.  (ECF No. 53.)  Because Plaintiff has stopped prosecuting this case, the Court **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** for failure to prosecute.

## ANALYSIS

Under Federal Rule of Civil Procedure 41(b), courts can "dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court."  *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute").  In fact, dismissal for failure to prosecute "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *See Schafer*, 529 F.3d at 736 (quoting *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 2008)).  The Court therefore has "substantial discretion" to dismiss for failure to prosecute.  *Id.*

Courts consider four factors when determining whether to dismiss an action under Rule 41(b): (1) whether the plaintiff's failure is because of willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the dismissed party's conduct; (3) whether the court warned the dismissed party that failure to cooperate could lead to dismissal; and (4) whether the court imposed less drastic sanctions or considered them before ordering dismissal.  *Knoll*, 176 F.3d at 363; *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004).  Yet "the sanction of dismissal *without prejudice* is a comparatively lenient sanction, and thus the controlling standards should be greatly relaxed . . . because the dismissed party is ultimately not irrevocably deprived of his day in court."  *Muncy*, 110 F. App'x at 556.

2

Analyzing these factors here, the Court finds that dismissal without prejudice is warranted.  Though Defendants have not suffered much prejudice here,[1] the other three factors weigh in favor of dismissal.  First, Plaintiff bears the responsibility to comply with court orders and deadlines, and he bears the fault for not doing so.  *See Hatcher v. Dennis*, No. 1:17-cv-01042-JBD-egb, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018).  What is more, the most basic responsibility of a litigant is to keep the Court informed of his whereabouts.  Despite his apparent release, Plaintiff has failed to advise the Court of any change of address.  So this first factor weighs in favor of dismissal.

Second, the Court advised Plaintiff "that he must promptly notify the Clerk of any change of address or extended absence.  Failure to comply with these requirements, or any other order of the Court, may lead to the dismissal of this case without further notice."  (ECF No. 9 at PageID 87.)  What is more, the minute entry for the scheduling conference on June 24, 2021, states that if the Court does not receive an address or hear from Plaintiff by July 12, 2021, the Court will dismiss the case for failure to prosecute.  (ECF No. 53.)  As a result, Plaintiff had notice that his failure to appear or update his address may result in dismissal of his claims.  And a party's prior notice that his failure to comply may lead to dismissal is a "key consideration" in the court's Rule 41(b) analysis.  *Schafer*, 529 F.3d at 740.  All in all, this factor supports dismissal too.

And third, the Court considered a less drastic sanction by giving Plaintiff multiple opportunities to appear.  (ECF No. 8.)  When Plaintiff failed to appear at the first scheduling

---

[1] "[A] defendant is prejudiced by the plaintiff's conduct where the defendant wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Schafer*, 529 F.3d at 737 (internal quotations and alterations omitted).  Because Plaintiff did not appear at the scheduling conferences, this Court has not set a schedule for the parties to engage in discovery.  But Defendants Bass and Pree filed a motion for summary judgment anyway.  (*See* ECF No. 48.)  So Plaintiff's failure to prosecute this case has not adversely impacted Defendants.

conference, the Court reset it to give Plaintiff additional time to update his address. (*See* ECF No. 50.) And again when Plaintiff failed to appear at the second scheduling conference, the Court gave Plaintiff extra time to contact the Court. (ECF No. 53.) Yet Plaintiff still failed to update his address or otherwise respond to this Court. What is more, as dismissal is *without* prejudice, this is a less drastic sanction than dismissing *with* prejudice. *See Muncy*, 110 F. App'x at 556. So this factor too weighs in favor of dismissal.

In the end, the Court **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**SO ORDERED**, this 9th day of August, 2021.

                                                       s/Thomas L. Parker
                                                      THOMAS L. PARKER
                                                      UNITED STATES DISTRICT JUDGE